[No. D026437. Fourth Dist., Div. One. June 10, 1997.]

In re ADAM D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ADAM D., Defendant and Appellant.

**COUNSEL**

J. Thomas Bowden, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Boustany and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—The People filed a petition in the juvenile court seeking to have Adam D. (Adam) declared a ward of the court under Welfare and Institutions Code[1] section 602. Adam pleaded guilty to misdemeanor theft (Pen. Code, § 487, subd. (c)) and to misdemeanor resisting a peace officer (Pen. Code, § 148) and was declared a person described in section 602. At the disposition hearing the court reviewed the probation officer's social study which outlined the bases of the section 602 petition and recommended that Adam be placed on probation under the supervision of the probation officer pursuant to section 725, subdivision (a).[2] Adam's counsel generally agreed with the section 725, subdivision (a) recommendation but argued that the matter should be treated as a referral to a program of supervision under section 654.2, subdivision (a)[3] because at the end of a satisfactory section 654.2, subdivision (a) supervision period the petition must be dismissed. Adam's counsel then requested that the section 725, subdivision (a) disposition be converted to a section 654.2, subdivision (a) at the end of the six-month probation period. The court placed Adam on probation under section 725, subdivision (a) and ordered a review hearing be held at which time a section 654.2, subdivision (a) motion would be heard. The court characterized the section 654.2, subdivision (a) motion as a motion to dismiss the petition.

At the review hearing the court found Adam had satisfactorily complied with the conditions of probation, denied the section 654.2, subdivision (a) motion and terminated jurisdiction. Adam appeals the court's judgment denying his section 654.2 motion to dismiss the petition.

## DISCUSSION

On appeal Adam contends the court abused its discretionary power to dismiss the petition under section 654.2, subdivision (a). Adam argues his crime was minor, was his first offense and he had satisfactorily completed the terms of his probation. In response, the People argue the court considered all the relevant factors and therefore its denial of the motion to dismiss was

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]Section 725, subdivision (a) provides in part that the court ". . . may, without adjudging the minor a ward of the court, place the minor on probation . . . for a period not to exceed six months."

[3]Section 654.2, subdivision (a) provides in part that ". . . the court may, without adjudging the minor a ward of the court . . . order the minor to participate in a program of supervision as set forth in [section] 654. . . . If the minor successfully completes the program of supervision, the court shall order the petition be dismissed."

within the court's discretion properly exercised. ■ However, we are not aware of, and we have not been referred to, any authority which grants discretion to the trial court to dismiss a petition under section 654.2. As discussed below, if the program of informal supervision under section 654.2 is satisfactorily completed, the petition must be dismissed; if the program of informal supervision is not satisfactorily completed, the jurisdictional hearing on the petition is held and the petition can then be dismissed only if the court finds the minor is not a person described by section 601 or 602. (See § 701.1.) Therefore, whether the court properly exercised its discretion under section 654.2 to dismiss the petition is irrelevant; it had no discretion to exercise to dismiss the petition under section 654.2.

The court does have discretion to order informal supervision under section 654.2 rather than continuing with the petition proceedings. (*In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189, 1190 [5 Cal.Rptr.2d 101].) The order for a program of informal supervision under section 654.2, however, is appropriate prior to a court finding that the minor is within the jurisdiction of the juvenile court. Thus, in *Armondo A.* the minor was permitted to withdraw his admission to the allegations of the petition to afford the court the opportunity to exercise its discretion to order a program of informal supervision under section 654. (3 Cal.App.4th at pp. 1189, 1190.) If under section 654.2 the court orders the minor to participate in a program of informal supervision as set forth in section 654 and the minor satisfactorily completes that program, the petition must be dismissed. If the minor does not satisfactorily complete the program, there is no statutory provision for dismissal of the petition; rather, the proceedings on the petition continue.

In this case Adam admitted allegations of the petition and was found to be within the jurisdiction of the juvenile court. At the disposition hearing Adam's counsel considered that six months' probation under section 725, subdivision (a) was a satisfactory disposition but requested that the proceeding be converted to a section 654 proceeding at the end of the probation period. The court considered the evidence presented and concluded that formal probation was the appropriate disposition. ■ There is no procedure for converting a section 725, subdivision (a) formal probation disposition into a section 654.2 informal supervision program; they are two separate, mutually exclusive programs. The section 654.2 informal supervision alternative is selected prior to adjudication of the petition allegations and the jurisdictional hearing is continued for at least six months. The section 725, subdivision (a) alternative is selected at the dispositional hearing after adjudication of the petition allegations in which a finding is made that the minor is a person described in section 602 and probation is ordered.

Here no motion to select the section 654.2 alternative was made prior to the jurisdictional hearing at which the petition allegations were adjudicated,

and the court therefore made no order denying or granting a motion for informal supervision under section 654.2. There is therefore no section 654.2 order from which an appeal can be taken. Furthermore, there can be no effective appeal from an order denying the motion to dismiss the petition under section 654.2, subdivision (a) after the section 725, subdivision (a) probation period because the trial court had no authority to dismiss the petition at that time.

DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Haller, J., concurred.