[No. D027535. Fourth Dist., Div. One. Aug. 26, 1997.]

In re ADAM R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ADAM R., Defendant and Appellant.

COUNSEL

R. Charles Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Jeffrey J. Koch, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

McDONALD, J.—

I

PROCEDURAL BACKGROUND

In September 1996 the People filed an amended petition in the juvenile department of the superior court alleging that 12-year-old Adam R. is a person within the jurisdiction of the juvenile court under Welfare and Institutions Code[1] section 602 as a result of the commission of 7 residential burglaries. (Pen. Code, § 459.) The petition sought to have Adam declared a ward of the court.

At the November 1996 adjudication hearing the court found true the petition allegations on two counts of residential burglary (Pen. Code, § 459) and dismissed the other five counts. The court found the maximum period of confinement to be seven years and four months. It then entered the following finding: "The Court finds unusual circumstances as follows: THE MINOR WAS UNDER THE AGE OF 12 YEARS AT THE TIME THE OFFENSE WAS COMMITTED. THE CO-PARTICIPANTS WERE SUBSTANTIALLY OLDER THAN THE MINOR pursuant to WIC 654.3. Hearing on the petition filed SEPTEMBER 13, 1996 is continued for 6 months and the minor, with the minor and parent or guardian's consent, is ordered to comply with the following program of supervision . . . :" The court then set forth the conditions of the program of supervision and ordered: "The matter is set for INFORMAL PROB. (654.2) REV. HRG . . . on May 12, 1997 . . . . Minor is ordered to return."

At the adjudication hearing the court stated:

"I am finding the minor to be eligible under 654.3 . . . and I am going to put him under 654 contract, give him an opportunity at the age of 12 not to be a criminal for the rest of his life.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

"     .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

". . . [I]f you [Adam] obey the terms and conditions[,] at the end of six months I am going to bring you back here and I will dismiss the petition so you will have no criminal record. . . ."

At the May 1997 informal probation review hearing the court ordered, "Court continues 654.2 contract for two months," and set a further "informal prob. (654.2) rev. hrg. [for] July 25, 1997." At the July 25, 1997, hearing the court found, "The minor has successfully complied with his . . . conditions of probation," and ordered jurisdiction terminated.

Adam appeals the true findings that he committed two counts of residential burglary made at the November 1996 adjudication hearing. He contends the findings are not supported by substantial evidence.

## II

### DISCUSSION

By making true findings of guilt on section 602 petition allegations and at the same time ordering the minor to participate in a section 654 informal supervision program, the court impermissibly amalgamated two separate procedures. Section 654 authorizes an informal supervision program for a minor who in the opinion of a probation officer is, or will probably soon be, within the jurisdiction of the juvenile court. The purpose of the informal supervision program is to provide assistance and services to the minor and the minor's family to "adjust the situation" and avoid further involvement in the formal juvenile criminal justice system. If the minor satisfactorily completes the informal supervision program designed by the probation officer, no section 602 petition is filed. If the minor does not satisfactorily complete the program, the probation officer or the prosecuting attorney may file the section 602 petition.

In 1989 section 654.2[2] was enacted to permit the court to order a section 654 informal supervision program for a minor after a section 602

---

[2]Section 654.2, subdivision (a) currently provides: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under [s]ection 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in [s]ection 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall submit to the court a follow-up report of the minor's participation in the program. The minor and the minor's parents or guardians shall be ordered to appear at the conclusion of the six-month

petition has been filed. As the court stated in *In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189 [5 Cal.Rptr.2d 101]:

"The Legislature intended to address juvenile delinquency at its inception and at the earliest signs of delinquency with a less structured program. To meet this objective it gave the courts more authority to deal with minors before they become habitual criminals. Section 654.2 created a new power in the juvenile courts by allowing them to order informal supervision after a petition had been filed. This power is in addition to the probation officer's already existing prepetition discretion. [Citations.]

"It appears that section 654.2 creates a new power in the court to grant informal . . . supervision in a postpetition setting independently of the probation officer's prepetition discretion."

However, the section 654.2 informal supervision program, although post-petition, is preadjudication of the charges alleged in the petition. As this court stated in *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 [65 Cal.Rptr.2d 15]: "The court does have discretion to order informal supervision under section 654.2 rather than continuing with the petition proceedings. (*In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189, 1190 [5 Cal.Rptr.2d 101].) The order for a program of informal supervision under section 654.2, however, is appropriate prior to a court finding that the minor is within the jurisdiction of the juvenile court. Thus, in *Armondo A.* the minor was permitted to withdraw his admission to the allegations of the petition to afford the court the opportunity to exercise its discretion to order a program of informal supervision under section 654. (3 Cal.App.4th at pp. 1189, 1190.) If under section 654.2 the court orders the minor to participate in a program of informal supervision as set forth in section 654 and the minor satisfactorily completes that program, the petition must be dismissed. If the minor does not satisfactorily complete the program, there is no statutory provision for dismissal of the petition; rather, the proceedings on the petition continue."

▮▮▮ In fact the purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor. If the informal supervision program is satisfactorily completed by the minor, the petition must be dismissed. (§ 654.2; *In re Adam D., supra,* 56 Cal.App.4th at p. 103.)

period and at the conclusion of each additional three-month period. If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."

In this case it is clear that the trial court intended to and did order a program of informal supervision for Adam under section 654.2. Furthermore, Adam satisfactorily completed the conditions of his informal supervision program. Under these circumstances section 654.2 mandates the petition be dismissed. The court, however, apparently misunderstanding the 654.2 procedure, also made true findings on two allegations in the petition. The court cannot make true findings on allegations in the petition and then order an informal supervision program under section 654.2; the findings and the order are inherently inconsistent. Only after the minor does not satisfactorily complete the informal supervision program can the court adjudicate the allegations in the petition.

To resolve the inconsistent posture of this case, we conclude the trial court intended to order the section 654.2 informal supervision program for Adam and intended that its true findings on allegations in the petition become effective only if Adam did not satisfactorily complete the program. Because Adam did satisfactorily complete the program the true findings never became effective. To clarify the record, we reverse the true findings on the petition as being premature. Furthermore, because the trial court under these circumstances has no discretion to dismiss or not to dismiss the petition, we dismiss the petition under the mandate of section 654.2 without remand to the trial court. (See *People* v. *Burnes* (1990) 224 Cal.App.3d 1222, 1233-1234 [274 Cal.Rptr. 466], disapproved on other grounds in *People* v. *McClanahan* (1992) 3 Cal.4th 860, 872, fn. 6 [12 Cal.Rptr.2d 719, 838 P.2d 241].)

### DISPOSITION

The judgment entered on the true findings of guilt on two charges alleged in the section 602 petition is reversed and the petition is dismissed.

Benke, Acting P. J., and McIntyre, J., concurred.