[No. C039391. Third Dist. Feb. 5, 2003.]

In re Omar R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
OMAR R., Defendant and Appellant.

## Counsel

Donal M. Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, John G. McLean and Jay A. Mark, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

RAYE, J.—On December 18, 2000, following the juvenile court's denial of minor Omar R.'s motion to suppress evidence of marijuana found on his person (Welf. & Inst. Code, § 700.1),[1] the court accepted the minor's admission to a charge of possession of marijuana (Health & Saf. Code, § 11357, subd. (b)). The minor's admission was given in exchange for his

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

being placed on informal supervision pursuant to Welfare and Institutions Code section 654.2. The minor was so placed with a six-month review set for June 15, 2001. On December 21, 2000, the minor filed a notice of appeal challenging the denial of the suppression motion.[2]

On June 15, 2001, the matter was continued to September 14 for further review because the minor had not completed some of the conditions of his informal supervision. On September 14, the court found that the minor had violated conditions of his informal supervision. Accordingly, the court sustained the petition based upon the minor's admission that he had possessed marijuana, declared the minor a ward of the court, and placed him on probation.[3]

On appeal from the dispositional order of September 14, 2001, the minor contends the court lacked jurisdiction to revoke his informal probation because (1) the court failed to follow the procedures set forth in section 654.2, and (2) the notice of appeal filed December 21, 2000, precluded the court from taking further action in the case. He also argues the case must be dismissed because the court wrongfully denied his suppression motion, a contention we rejected in a previously filed nonpublished opinion. (*In re Omar R., supra*, C037297.) The People concede that remand is required because of the juvenile court's failure to comply with section 654.2. We disagree with both parties and shall affirm the dispositional order.

DISCUSSION

I

Section 654.2 provides in relevant part: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. . . . If the minor successfully completes the program of supervision, the court shall order the petition be dismissed."

■ "While a section 654.2 informal supervision program is available postpetition, it is to be implemented before adjudication of the charges

---

[2]We take judicial notice of our records in *In re Omar R.* (Jan. 31, 2003, C037297) (nonpub. opn.). (Evid. Code, § 452, subd. (d).)

[3]By this time the minor was 18 years of age. However, for purposes of this appeal we shall continue to refer to him as the minor.

alleged in the petition. (*In re Adam R.* [(1997)] 57 Cal.App.4th [348,] 352 [67 Cal.Rptr.2d 76]; *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 [65 Cal.Rptr.2d 15].) 'In fact the purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor. . . . [¶] . . . The court cannot make true findings on allegations in the petition and then order an informal supervision program under section 654.2; the findings and the order are inherently inconsistent. . . .' (*In re Adam R., supra,* 57 Cal.App.4th at pp. 352-353.)" (*In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 968 [68 Cal.Rptr.2d 402].)

 The juvenile court's acceptance of the minor's admission to the charge constituted an adjudication of the petition, a procedure "inherently inconsistent" with the purpose of section 654.2. Consequently, the court exceeded its jurisdiction when, after accepting the minor's admission, it placed him on informal probation pursuant to section 654.2. However, notwithstanding that the court exceeded its jurisdiction in the manner described, we conclude that in these circumstances the minor is estopped from asserting the error.

 " 'When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "To hold otherwise would permit the parties to trifle with the courts." ' (*In re Griffin* [(1967) 67 Cal.2d 343,] 347-348 [62 Cal.Rptr. 1, 431 P.2d 625] . . . .)" (*People v. Beebe* (1989) 216 Cal.App.3d 927, 932-933 [265 Cal.Rptr. 242].)

 The irregularity complained of—failure to comply with section 654.2—certainly did not prejudice the minor. Once the minor's suppression motion was denied, it was clear the charge would be sustained.[4] The minor was then given the opportunity to be placed on informal probation in

---

[4]At the suppression hearing, Sacramento Police Officer John Houston testified that while patting the minor down he felt what he believed was packaged marijuana in the minor's rear pocket. Houston asked the minor what it was and the minor replied, "[I]t's bud" and gave the officer permission to remove the package. The "bud" formed the basis for the sole charge against the minor. In denying the motion, the court expressly found the officer's version of the events credible.

exchange for his admission to the charge. Admittedly, this arrangement was in violation of section 654.2, but of course, the court need not have offered the minor such an opportunity at all.

Thus, it was not the irregularity of deviating from the statute that prejudiced the minor; instead, the minor was harmed by his failure to succeed on the ensuing grant of informal supervision, which, had it been successful, would have resulted in the dismissal of the petition. Additionally, there is an obvious strong public policy interest in rehabilitating minors without, if possible, making them wards of the juvenile court. Affording the minor such an opportunity, as was done here, even though not in conformity with the controlling statute, does not contravene that policy.

Permitting the minor to challenge the plea agreement after having obtained its benefit would indeed allow the minor to "trifle with the court." This we shall not do. Consequently, the minor is estopped from asserting the error in the court's failure to comply with section 654.2.

## II

The minor contends the notice of appeal filed by him on December 21, 2000, challenging the denial of his suppression motion divested the juvenile court of jurisdiction to proceed to disposition on September 14, 2001. He is wrong. ▮ Pending the resolution of an appeal, the trial court retains jurisdiction to supervise a probationer and to punish violations of any probationary conditions. (*In re Osslo* (1958) 51 Cal.2d 371, 380 [334 P.2d 1]; see also *People v. Hall* (1952) 115 Cal.App.2d 144, 154-155 [251 P.2d 979] ["An appeal from an order denying a motion to set aside a judgment does not operate to deprive the trial court of all jurisdiction over the cause pending the appeal from the order, but only over so much of it as is affected by the appeal. An appeal of that character does not divest the trial court of jurisdiction as to purely collateral or supplemental matters distinct from the question involved on the appeal."].)

## III

The minor contends, as he did in his appeal in case No. C037297, that reversal is required because the juvenile court wrongfully denied his suppression motion. For the reasons set forth in our resolution of that appeal, we reject the contention. (*In re Omar R., supra*, C037297.)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Callahan, J., concurred.

A petition for a rehearing was denied March 3, 2003, and appellant's petition for review by the Supreme Court was denied April 23, 2003. Kennard, J., was of the opinion that the petition should be granted.