[No. C047588. Third Dist. Apr. 21, 2005.]

RICKI J., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.
THE PEOPLE, Real Party in Interest.

## Counsel

Cynthia Campbell, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, J. Robert Jibson and Raymond L. Brosterhous II, Deputy Attorneys General, for Real Party in Interest.

## Opinion

**CANTIL-SAKAUYE, J.**—Ricki J. (the minor) appeals from the order of the juvenile court placing her on six months' informal supervision pursuant to Welfare and Institutions Code section 654.2.[1] The minor claims the juvenile court erroneously denied her motion to dismiss, which alleged a violation of her speedy trial rights, and erred in requiring her to admit the petition before placing her on informal supervision under section 654.2. Respondent contends the minor's speedy trial claims are not cognizable on appeal after her admission to the petition, but recognizing the minor conditioned her admission on preserving the speedy trial issues for appeal, suggests we remand for her to move to withdraw her admission. The minor, in her reply brief, argues her speedy trial claims are cognizable on appeal. Alternatively, she asks us to treat her appeal as a petition for an extraordinary writ to reach the merits of her speedy trial claims. She also asks this court to strike her admission.

We conclude the juvenile court order of informal supervision is not an appealable judgment or order. Rather than dismissing the appeal, however, we issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178 [203 Cal.Rptr. 626, 681 P.2d 893] (*Palma*), advising the parties that we were considering issuing a peremptory writ of mandate in the first instance, not reaching the merits of the speedy trial claims to order a

---

[1] Undesignated statutory references are to this code.

dismissal of the petition, but directing the juvenile court to vacate the minor's admission. We have allowed an opportunity to submit any opposition and reply to the opposition. No opposition materialized.

We conclude the juvenile court clearly erred in taking the minor's admission prior to placing her on informal supervision and by allowing her to condition her admission on preservation of her speedy trial claims. (See *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961] [*Palma* procedure proper when "there has been clear error under well-settled principles of law and undisputed facts—or when there is an unusual urgency requiring acceleration of the normal process"].) We therefore issue a peremptory writ of mandate directing the juvenile court to vacate the minor's admission.

## PROCEDURAL AND FACTUAL BACKGROUND

According to a police report, on January 22, 2003, a loss prevention officer for Macy's department store at Arden Fair Mall observed the minor and another juvenile conceal selected lingerie under their clothes while in the store's dressing stalls. They left the dressing room and the store without paying for the items. They were stopped outside the store and the merchandise was recovered.

Almost four months later, on May 13, 2003, a petition was filed in juvenile court charging the minor with petty theft in violation of Penal Code section 484, subdivision (a). Notice of hearing was sent to the minor's last known address, although previous correspondence sent to such address had been returned. The probation department was unable to locate the minor, who failed to appear for the arraignment hearing on June 3, 2003. An arrest warrant was issued.

Just over a year later, on June 9, 2004, the minor was arrested on the warrant and released on home supervision. The minor moved for dismissal of the proceedings, claiming the postcomplaint delay between the filing of the petition and her arrest violated her Sixth Amendment right to speedy trial. (*Barker v. Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182]; *Serna v. Superior Court* (1985) 40 Cal.3d 239 [219 Cal.Rptr. 420, 707 P.2d 793].) The juvenile court denied the minor's motion after an evidentiary hearing on July 15, 2004.

The minor subsequently agreed to admit the charge of petty theft in exchange for placement on a program of informal supervision pursuant to section 654.2. Pursuant to this agreement, the minor admitted committing the alleged petty theft. The juvenile court stated the admission would be held "in abeyance" and that it found the petition "not true at this time pending the successful completion of the program and supervision, pursuant to Welfare and Institution[s] Code section 654.2."

Counsel for the minor gave the court notice the admission was conditioned on appeal of the denial of the motion to dismiss. The court said, "I understand that[,]" and placed the minor on informal supervision with a number of conditions. (§§ 654, 654.2.) Counsel asked if it was possible to stay two of the conditions of the program pending appeal of the denial of the motion to dismiss. It was counsel's understanding it was not possible to previously appeal the denial of the motion, but counsel informed the court an appeal would be filed at this point. The court agreed to stay the two conditions.

A few days later the minor filed her notice of appeal which raised as the issue on appeal the denial of her motion to dismiss.

## DISCUSSION

The minor contends her right to speedy trial was violated under federal and state constitutional standards, as well as under state statutory grounds. She also contends the juvenile court erred in requiring her admission to the petition before placing her on a program of informal supervision under section 654.2.

We conclude an order of informal supervision pursuant to section 654.2 is not appealable and, therefore, we have no jurisdiction to reach these issues on appeal.

■ It is well settled that the right to appeal is wholly statutory and that a judgment or order is simply not appealable unless expressly made so by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227] (*Mazurette*); *In re K.S.* (2003) 112 Cal.App.4th 118, 120–121 [5 Cal.Rptr.3d 39]; *In re Rottanak K.* (1995) 37 Cal.App.4th 260, 265 [43 Cal.Rptr.2d 543].) ■ "The orders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800 . . . ." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135

Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People v. Green* (1980) 27 Cal.3d 1, 33–34 [164 Cal.Rptr. 1, 609 P.2d 468].) Section 800, subdivision (a), authorizes a minor to appeal from a final judgment or any order subsequent to the final judgment.[2] There is no final judgment when a minor is placed on informal supervision under section 654.2.

█ "In general, a 'judgment' is 'the final determination of the rights of the parties in an action or proceeding.' (Code Civ. Proc., § 577.) More specifically, the 'judgment' in a juvenile court proceeding is the order made after the trial court has found facts establishing juvenile court jurisdiction and has conducted a hearing into the proper disposition to be made. (Welf. & Inst. Code, §§ 725 ['After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows . . .'], 706 [contemplating that, after jurisdictional finding, court shall consider relevant evidence and render 'judgment and order of disposition']; *In re Sheila B.* (1993) 19 Cal.App.4th 187, 196 [23 Cal.Rptr.2d 482] [dispositional order is ' "the 'judgment' " ' under statute governing appeals in dependency proceedings]; *In re Melvin S.* (1976) 59 Cal.App.3d 898, 900 [130 Cal.Rptr. 844].)" (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307–1308 [21 Cal.Rptr.3d 891] (*Mario C.*).)

Section 654.2 provides in relevant part: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, *without adjudging the minor a ward of the court* and with the consent of the minor and the minor's parents or guardian, *continue any hearing on a petition* for six months *and order the minor to participate in a program of supervision* as set forth in Section 654. . . . If the minor successfully completes the program of supervision, the court shall order the petition be dismissed." (Italics added.)

█ Thus, the procedure contemplated by section 654.2 is a postpetition, preadjudication, certainly prejudgment, program of informal supervision. An order pursuant to section 654.2 essentially places the adjudicatory process on hold in the hope the minor will successfully complete the program of supervision and thereby avoid a judgment altogether. There is no "judgment" from which to appeal at this point.

---

[2] Section 800, subdivision (a), reads, in pertinent part: "A judgment in a proceeding under Section 601 or 602 may be appealed from, by the minor, in the same manner as any final judgment, and any subsequent order may be appealed from, by the minor, as from an order after judgment."

Our conclusion finds support in *Mazurette, supra,* 24 Cal.4th 789, which addressed the issue of whether there is an appealable judgment or order when a defendant is diverted to a drug rehabilitation program and entry of judgment is deferred under Penal Code sections 1000.1 and 1000.2, and in *Mario C., supra,* 124 Cal.App.4th 1303, which considered appealability of a juvenile court order of deferred entry of judgment pursuant to section 790.

In *Mazurette, supra,* 24 Cal.4th 789, the defendant sought to challenge the denial of a suppression motion by appealing from a drug diversion order made pursuant to Penal Code section 1000.2. The Supreme Court held the appeal was properly dismissed for lack of appellate jurisdiction because the statute governing criminal appeals does not authorize an appeal from an order of diversion. (*Mazurette, supra,* at p. 792, citing and quoting Pen. Code, § 1237.) The Supreme Court stated, "there is—as yet—no judgment from which defendant can appeal. If she successfully completes her rehabilitation, the charges will be dismissed and the slate wiped clean. If, instead, defendant fails to 'perform[] satisfactorily' in her assigned program, . . . 'the court shall render a finding of guilt to the charge or charges pled, *enter judgment,* and schedule a sentencing hearing as otherwise provided in this code.' ([Pen. Code,] § 1000.3, 3d par., italics added.) Only following entry of judgment pursuant to [Penal Code] section 1000.3 will a judgment exist from which defendant can appeal." (*Mazurette, supra,* at p. 794.) The order of diversion is "neither a final judgment nor listed in [Penal Code] section 1237 as one of the types of orders deemed to be final judgments for purposes of appeal." (*Ibid.*)

Similarly in *Mario C., supra,* 124 Cal.App.4th 1303, the court concluded an order of deferred entry of judgment under the juvenile wardship statutes (§§ 790, subd. (b), 791, subd. (b), 794) is not an appealable judgment or order after judgment. (*Mario C., supra,* at pp. 1307–1308.) The order of deferred entry "is not a judgment in either the general or the specific sense. As its very name indicates, the order does not enter judgment but 'defer[s]' such entry indefinitely, perhaps permanently." (*Id.* at p. 1308.)

■ An order of informal supervision is even further back from the entry of a judgment than an order of deferred entry of judgment. When ordering informal supervision under section 654.2, the juvenile court should not even make a true finding on the allegations in the petition. (*In re Omar R.* (2003) 105 Cal.App.4th 1434, 1437–1438 [129 Cal.Rptr.2d 912].) The court proceeds

with a jurisdictional hearing only if the minor fails to satisfactorily complete his or her program of supervision. (*In re Adam R.* (1997) 57 Cal.App.4th 348, 352–353 [67 Cal.Rptr.2d 76].)

■ An order of informal supervision under section 654.2 is not an appealable judgment or order after judgment. (§ 800, subd. (a).)

Ordinarily we would dismiss the appeal. (*Mazurette, supra,* 24 Cal.4th at p. 798; *Mario C., supra,* 124 Cal.App.4th at p. 1314.) However, we are concerned the plain error of the juvenile court in taking the minor's admission to the petition in combination with allowing her to condition her admission on the preservation of her speedy trial claims will substantially prejudice the minor in the event she does not successfully complete her program of informal supervision.

As we stated before, the juvenile court should not make a true finding of guilt on the allegations of a petition and then order informal supervision. (*In re Omar R., supra,* 105 Cal.App.4th at pp. 1437–1438.) It is an impermissible amalgamation of two separate procedures to make true findings of guilt and at the same time order the minor to participate in a section 654 informal supervision program. (*In re Adam R., supra,* 57 Cal.App.4th at p. 351.) "[T]he section 654.2 informal supervision program, although postpetition, is preadjudication of the charges alleged in the petition." (*Id.* at p. 352; see *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 968 [68 Cal.Rptr.2d 402]; *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 [65 Cal.Rptr.2d 15].)

The juvenile court's acceptance of the minor's admission to the charge of petty theft constituted an adjudication of the petition. It was clear error for the court to adjudicate the petition before placing the minor on a program of informal supervision, even though the court purported to hold the admission "in abeyance." Such error was compounded when the court allowed the minor to condition her admission on preservation of her speedy trial claims for appeal.

■ "A minor's admission of a juvenile court petition is analogous [to a guilty plea], for it constitutes an assent to all facts essential to a finding that the minor is a person described in section 602." (*In re John B.* (1989) 215 Cal.App.3d 477, 484 [263 Cal.Rptr. 607]; *In re Patterson* (1962) 58 Cal.2d 848, 853 [27 Cal.Rptr. 10, 377 P.2d 74] [admission by minor is equivalent to plea of guilty].)

■ A criminal defendant's guilty plea not only constitutes an admission of every element of the offense charged, waives trial, and concedes the prosecution possesses admissible evidence sufficient to prove guilt beyond a reasonable doubt, it also waives any irregularity in the proceedings which would not preclude a conviction. (*People v. Turner* (1985) 171 Cal.App.3d 116, 125–126 [214 Cal.Rptr. 572].)

■ "The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established." (*People v. Hayton* (1979) 95 Cal.App.3d 413, 419 [156 Cal.Rptr. 426], fn. omitted.) Thus, "the cases are virtually uniform in holding that a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea." (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357 [8 Cal.Rptr.2d 324] [felony]; see *People v. Aguilar* (1998) 61 Cal.App.4th 615, 618 [71 Cal.Rptr.2d 411] [misdemeanor]; *People v. Egbert* (1997) 59 Cal.App.4th 503, 508, 515 [68 Cal.Rptr.2d 913] [misdemeanor].) For the reasons expressed in these cases, we reject the minor's suggestion that we follow *Avila v. Municipal Court* (1983) 148 Cal.App.3d 807 [196 Cal.Rptr. 286], which allowed a speedy trial claim on appeal after a guilty plea in a misdemeanor case. ■ We conclude a minor's admission in juvenile wardship proceedings waives a claim of speedy trial violation.

■ The minor's admission waived her speedy trial claims even though her admission was expressly conditioned on preservation of those claims. Where a guilty plea (admission) has been improperly induced by unenforceable promises that issues have been preserved for appeal the defendant (minor) is entitled to an opportunity to withdraw the plea. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872]; *People v. Hollins* (1993) 15 Cal.App.4th 567, 574–575 [18 Cal.Rptr.2d 785]; *People v. Bonwit* (1985) 173 Cal.App.3d 828, 833 [219 Cal.Rptr. 297].)

However, the minor's admission in this case should never have been taken at all, given the juvenile court's order of informal supervision under section 654.2. Therefore, we deem it appropriate to direct vacation of her admission by a peremptory writ of mandate.

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate the admission of the minor to the allegation of shoplifting in the petition.

Sims, Acting P. J., and Butz, J., concurred.