Filed 10/10/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)


| In re K.C., a Person Coming Under the Juvenile Court Law. | C068161 |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.C.,<br><br>Defendant and Appellant. | (Super. Ct. No. SC RD JDSQ102842001) |


APPEAL from an order of the Superior Court of Shasta County, Daniel E. Flynn, Judge. Affirmed.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Charles A. French, Supervising Deputy Attorney General, and Doris A. Calandra, Deputy Attorney General, for Plaintiff and Respondent.


K.C. (the minor) appeals the order of the juvenile court converting the balance of his victim restitution order into a civil judgment. The minor contends that, because he was granted a program of informal supervision under Welfare and Institutions Code

1

section 654.2,[1] he was never adjudicated a ward of the court under section 602. As such, the minor continues, the court erred in converting his restitution order to a civil judgment under section 730.6, as that section applies only to adjudicated juveniles. We find the minor agreed to the applicability of section 730.6 as a condition of his informal supervision. Accordingly, he is estopped from raising this claim on appeal.

## BACKGROUND[2]

In November 2009 the 16-year-old minor and another minor threw full water bottles and frozen yogurts out of a school bus window at oncoming traffic. One of the items shattered a driver's windshield. The driver of the car suffered injuries that required medical attention. The accident also caused damage to his car. On April 2, 2010, the People filed a petition seeking to have the minor adjudicated under section 602.

The prosecution and minor's counsel agreed that, except for the issue of restitution, it was appropriate to handle the case under section 654.2. The court found the minor eligible for informal supervision and set a suitability hearing for July 7, 2010. Probation recommended granting the minor section 654.2 informal supervision. The probation report also indicated the victim had submitted receipts for restitution totaling $4,248.14.

The juvenile court granted the minor section 654.2 informal supervision. As part of that grant, the minor agreed to various terms and conditions of supervision, including: school attendance, adherence to a curfew, participating in counseling, reporting to probation, completing 20 hours of community service, and writing an apology letter to the victim. The minor also agreed that: "The orders of victim restitution, the state restitution fine and/or any other court ordered fines or fees are to remain in effect until

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Because the minor was placed on section 654.2 probation, our statement of facts is taken from the probation department's report.

2

paid in full pursuant to [sections] 730.6/730.7 and are not discharged upon termination of probation or deferred entry of judgment. Payments are to be distributed in accordance with [Penal Code section] 1203.1D." The issue of the amount of victim restitution was reserved.

Subsequently, minor's counsel agreed that the $4,248.14 amount requested by probation was an accurate amount. The juvenile court indicated "that will be an agreed upon amount and that condition of probation or that condition will be added to the informal probation." Accordingly, the juvenile court ordered the minor to pay the victim $4,248.14 in restitution, jointly and severally with his parents and the coparticipant minor and his parents.

In December 2010 the probation department recommended the minor be terminated from section 654.2 supervision and the petition dismissed, as the minor had completed his assigned sanctions and paid $124.07 toward restitution. His coparticipant had paid $50 toward restitution. The juvenile court terminated the supervisory terms and conditions of the informal supervision on December 29, 2010, but extended the program to allow restitution to be paid.

By the hearing on April 6, 2011, the minor had made an additional payment of $224.07 toward restitution. The court believed, although the minor had been granted informal supervision under section 654.2, it could utilize section 730.6 to convert the restitution order to a civil judgment. The People agreed, but minor's counsel did not. The court requested briefing from the parties and the matter was continued.

Following argument and briefing on the issue of the applicability of section 730.6, the court ruled: "Essentially the victim's right of restitution is one that is guaranteed by the California Constitution in contrast to that of the grant of informal probation pursuant to [section] 654.2, which is not a guaranteed right of the minor, but is one of privilege. [¶] When suitable for such supervision, the minor is given the benefit of not having to admit the petition and, if successful on the grant, the dismissal of his or her case. And

there is no language that suggests that, for those unable to pay restitution within the timeframe enumerated in [section] 654.2, between six and twelve months for completion, that they receive the added benefit of ignoring a valid order or not paying for damages caused by the minor's conduct. [¶] The obvious rehabilitative effort of paying for damage caused by their conduct being obvious I think to every party, but understanding or placing themselves in the place of a victim. Victim sensitivity is a rehabilitative function. The minor's privilege to be placed on a [section] 654.2 grant does not carry greater weight to this Court than the victim's right to restitution under the California Constitution." The juvenile court noted a minor placed on section 654 informal supervision could be ordered to pay restitution. The juvenile court continued, "It does not follow to me, in fact leads to an absurd result, to think that while the Court can order restitution, that the order need not lead to the payment of restitution. [¶] The only result that allows for an order of restitution that results in nothing being paid and relieves minor of the obligation to make the victim whole is contrary to the rehabilitative intent and in effect I think would fly in the face of it and be contrary to it, recognizing that the Court would be -- would not be empowered to hold them to the obligations that they had promised in order to receive a grant of informal probation. [¶] I find that the absence of an adjudication under Section 602 does not prohibit an order imposing the term to pay victim restitution, even though it is not specifically mentioned in the statute involving restitution based on the holding in *Charles S.*[3] and logical extensions that I think can be made from that case. [¶] That is consistent with the underlying statutory purpose of rehabilitating juveniles by impressing upon the minor here the gravity of harm caused and providing an opportunity to make amends as well as the purpose of compensating victims. [¶] Further, just as the Court can make the order of victim restitution in the

---

[3] *Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 748.

absence of an adjudication under [section] 602, I think the Court can convert such an order consistent with Section 730.6 or 730.7, and to order otherwise is inconsistent with the rehabilitative effect of the order. [¶] Further, to hold to the contrary leads to an absurd result, that being the issuing of an empty order that terminates when all other conditions are met and teaches the minor a contrary message than that of rehabilitation and the one intended by the order of victim restitution in the first place. [¶] And finally, the constitution nor the statutory language regarding victim restitutions are empty guarantees to the victims, those victims having rights here that would be ignored by an order holding contrary to what I've done today. [¶] So with that, the motion before the Court is one filed on December 20th and it is one recommending that the minor be terminated from [section] 654 as successful and the petition being dismissed. So before I make that, the restitution amount of $4,248.14 is converted to that of a civil judgment pursuant to Section 730.6 and 730.7 of the Welfare and Institutions Code and is not discharged upon termination and dismissal of this case." Accordingly, the juvenile court ordered probation terminated, the petition dismissed, and the balance of restitution converted to a civil judgment pursuant to section 730.6.

DISCUSSION

I

On appeal minor argues it was improper to convert the restitution order to a civil judgment under section 730.6 because that section applies only to adjudicated minors and he was never adjudicated. We agree with minor, as far as his argument goes. On the facts of this case, however, we find that in accepting the terms and conditions of informal supervision, the minor agreed that the restitution order could be converted to a civil judgment as provided in section 730.6. As such, he is estopped from raising this claim on appeal.

Section 654.2 provides in relevant part: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court

5

may, *without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents* or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. . . . If the minor successfully completes the program of supervision, the court shall order the petition be dismissed." (§ 654.2, subd. (a), italics added.)

"[T]he purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor." (*In re Adam R*. (1997) 57 Cal.App.4th 348, 352.) Thus, a true finding under section 602 is inherently inconsistent with a program of informal supervision under section 654.2. (*In re Omar R*. (2003) 105 Cal.App.4th 1434, 1438; *In re Abdirahman S*. (1997) 58 Cal.App.4th 963, 968; *In re Adam R., supra,* 57 Cal.App.4th at pp. 352-353.) This same inconsistency precludes the juvenile court from converting the victim restitution order into a civil judgment utilizing section 730.6. Section 730.6 provides in pertinent part: "*Upon a minor being found to be a person described in Section 602*, the court shall . . . order the minor to pay, . . . [¶] . . . [¶] . . . [r]estitution to the victim or victims, . . . [¶] . . . [¶] . . . [a]ny portion of a restitution order that remains unsatisfied after a minor is no longer on probation shall continue to be enforceable by a victim pursuant to subdivision (r) until the obligation is satisfied in full." (§ 730.6, subds. (a)(2) & (*l*), italics added.) Subdivision (r), in turn, provides an unsatisfied restitution order "may be enforced in the manner provided in Section 1214 of the Penal Code." (§ 730.6, subd. (r).) That is, as relevant here, where the amount is stipulated to, the restitution order is deemed a money judgment, as fully enforceable by the victim as if it were a civil judgment and in the same manner provided for a money judgment. (Pen. Code, § 1214, subd. (b).)

The plain language of section 730.6 dictates that it operates only upon an adjudicated minor. (§ 730.6, subd. (a).) Here, the minor was not adjudicated as a person described in section 602, and could not have been, before the court placed the minor on informal supervision. (*In re Omar R., supra*, 105 Cal.App.4th at pp. 1437-1438.) As

6

such, section 730.6 did not authorize the juvenile court to convert the $4,248.14 restitution order into a civil judgment.

Our conclusion as to the general applicability of section 730.6 does not, however, end our analysis. A program of informal supervision under section 654.2 requires the consent of the minor and the minor's parents or guardian. (§ 654.2, subd. (a).) In this case, in exchange for the benefit of a program of informal supervision and to avoid an adjudication, the minor agreed that the order of victim restitution would remain in effect until paid in full pursuant to section 730.6 and would not be discharged upon termination of probation. That is, the minor agreed that section 730.6 would apply to the restitution order, despite the fact it did not by its terms apply. In so doing, the minor consented to an act in excess of the court's jurisdiction.

" ' "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' " (*In re Griffin* [(1967) 67 Cal.2d 343,] 347-348 . . . .)' (*People v. Beebe* (1989) 216 Cal.App.3d 927, 932-933.)" (*In re Omar R., supra,* 105 Cal.App.4th at p. 1438.) "Reviewing courts have repeatedly allowed acts in excess of jurisdiction to stand when the acts were beneficial to all parties and did not violate public policy [citation], or when allowing objection would countenance a trifling with the courts. [Citation.] [¶] On the other hand, courts have voided acts in excess of jurisdiction when the irregularity was too great, or when the act violated a comprehensive statutory scheme or offended public policy. [Citations.]" (*In re Andres G.* (1998) 64 Cal.App.4th 476, 482-483.)

The minor was not prejudiced by his consent; to the contrary, the minor benefitted from the agreement. Nor are there any substantive or procedural policies that preclude application of estoppel. In exchange for agreeing to the terms of informal supervision, including the term that victim restitution order could be converted to a civil judgment pursuant to section 730.6, the minor was permitted to participate in a program of informal supervision without being adjudicated a ward of the court or suffering a true finding on criminal culpability which would have resulted in a criminal conviction. (*In re Abdirahaman S., supra*, 58 Cal.App.4th at p. 968.) By participating in the informal supervision, the minor and his family were able to receive assistance and services to " 'adjust the situation' and avoid further involvement in the formal juvenile criminal justice system." (*In re Adam R., supra*, 57 Cal.App.4th at p. 351.) This is a particularly compelling benefit in this case where the amount of restitution owed to the victim would ordinarily have precluded the minor's eligibility for a program on informal supervision.[4] (§ 654.3, subd. (g).)

Moreover, public policy considerations also support permitting minor's agreement to stand. The juvenile court correctly analyzed the importance of the policies underlying the award of victim restitution. Victim restitution "is constitutionally and statutorily mandated in California. (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498; Cal. Const., art. I, § 28, subd. (b)[(13)].)" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) Orders of restitution have the "important purpose of preventing the victims of crimes from suffering economic loss." (*In re I.M.* (2005) 125 Cal.App.4th 1195, 1209.) Requiring a minor to pay victim restitution has both a rehabilitative and deterrent effect.

---

[4] Where the amount of restitution is more than $1,000, the minor is not eligible for informal supervision except in an unusual case where the interests of justice are best served by allowing that participation. The court is required to specify its finding and reasons on the record. (§ 654.3, subd. (g).) There was no such finding or statement of reasons on this record.

8

(*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387.) It "impresses upon [the minor] the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends . . . [it] can . . . lead the minor to realize the seriousness of his crime, and to accept the responsibility for it." (*Charles S. v. Superior Court, supra*, 32 Cal.3d at p. 748.) These purposes are entirely consistent with the underlying statutory purpose of rehabilitating juveniles and are furthered by converting the restitution order to a civil judgment under section 730.6. In so doing, the minor is able to take advantage of a program of informal supervision in a manner consistent with the underlying statutory purposes without jeopardizing the victim's right to restitution. Lastly, permitting the minor to challenge the agreement after having obtained its benefit would allow him to "trifle with the court." Accordingly, the minor is estopped from asserting an error in the court's application of section 730.6 to convert his restitution order to a civil judgment. (See *In re Omar R., supra*, 105 Cal.App.4th at p. 1439.)

II

The minor also contends the restitution order must be corrected to reflect the payment of $398.14. We disagree.

The minor stipulated that the correct amount of restitution was $4,248.14. At the conclusion of these proceedings, probation reported $398.14 had been paid. The court acknowledged that those payments had to be offset to determine the balance owed. The clerk's minutes reflects "THE COURT ORDERS the balance of restitution, if any, converted into a civil judgment." There is then a handwritten notation "total of $4,248.14." Viewing this order in its entirety, it indicates the total amount of restitution ordered was $4,248.14 and the *balance, if any*, which remains unpaid is converted to a civil judgment. Accordingly, the minute order correctly reflects the order of the court.

9

## DISPOSITION

The order of the juvenile court is affirmed.

                                       <u>   BLEASE              </u>, Acting P. J.

We concur:

<u>   NICHOLSON         </u>, J.

<u>   BUTZ              </u>, J.