Filed 12/24/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.T.,<br><br>        Defendant and Appellant. | A155224<br><br>(Contra Costa County<br>Super. Ct. No. J1800198) |

Appellant M.T. challenges an August 20, 2018 restitution order imposed as a condition of her release on a program of supervision ("informal supervision") under section 654.2 of the Welfare and Institutions Code.[1] We conclude dismissal is mandated as the order is neither a judgment nor an order after judgment for which an appeal is authorized under section 800.[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

We set forth only those facts necessary to give context to our ruling.

On March 6, 2018, the Contra Costa County District Attorney filed a section 602 petition, later amended, alleging appellant had committed a misdemeanor battery against a fellow student (victim) on school property (Pen. Code, §§ 242, 243.2, subd. (a)(1)).

---

[1]     All further unspecified statutory references are to the Welfare and Institutions Code.

[2]     In light of our determination, we deny as moot the People's separate motion to dismiss.

The charge arose from a physical fight between appellant and the victim during which the victim's cell phone and case dropped to the ground. While the fight was being broken up by school staff, another student picked up and stole the victim's cell phone and case.

On April 4, appellant appeared before the juvenile court and denied the amended allegation; the matter was referred to the probation department for a determination of suitability for informal supervision under section 654.2, subdivision (a). On May 9, the juvenile court placed appellant on informal supervision for six months, with standard conditions of probation. Without objection by appellant, the juvenile court left the amount of restitution "open," but directed that appellant and her parents, and a co-participant minor, would be jointly and severally liable to pay restitution to the victim pursuant to sections 730.7, subdivisions (a) and (b), and 730.6, subdivision (j)(4), restitution provisions generally applicable to minors already adjudicated as persons described in section 602. The juvenile court informed appellant she had a right to appeal within 60 days of the order and set a restitution hearing.

The contested restitution hearing went forward on August 20, 2018. In advance of the hearing, the probation department filed a report stating it had received a victim impact and claim statement seeking restitution in the aggregate sum of $989 for: the cell phone ($869.00) and cash ($80.00) located in the cell phone case stolen during the attack; $10 insurance copay for an emergency room visit for injuries incurred in the attack; and $30 insurance copay for three therapy visits. Appellant objected to the juvenile court imposing restitution for the loss of the victim's cell phone and the money in the case because the property had been taken by another student with whom she had no association. The People argued the property fell to the ground because the victim had to defend herself against appellant and, therefore, appellant should be held responsible for the victim's loss.

Appellant filed a timely notice of appeal from the August 20, 2018 order, stating the juvenile court had abused its discretion and ruled in error when it ordered her "to pay restitution for a theft she was not involved in nor charged with."

## DISCUSSION

### I.  Applicable Law

"The Legislature has mandated that minors who fall within the jurisdiction of the juvenile court as a result of delinquent behavior 'shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances.  This guidance may include punishment that is consistent with the rehabilitative objectives of this chapter.'  [Citations.]  Consistent with this mandate, the Legislature enacted section 654, which . . . 'authorizes an informal supervision program for a minor who in the opinion of the probation officer is, or will probably soon be, within the jurisdiction of the juvenile court.  The purpose of the informal supervision program is to provide assistance and services to the minor and the minor's family to "adjust the situation" and avoid further involvement in the formal juvenile criminal justice system. . . . [¶] In 1989 section 654.2 was enacted to permit the court to order a section 654 informal supervision program for a minor after a section 602 petition has been filed.'  [Citations.]"  (*Derick B. v. Superior Court* (2009) 180 Cal.App.4th 295, 300–301 (*Derick B.*).)  Where the minor has violated an offense in which the restitution (as defined in section 730.6, subdivision (h)) "owed to the victim" exceeds $1,000, "the minor is not eligible for informal supervision except in an unusual case where the interests of justice are best served by allowing that participation. . . .  (§ 654.3, subd. (g).)"  (*In re K.C.* (2013) 220 Cal.App.4th 465, 472, fn. 4.)

In 1990, the Legislature added section 654.6, later amended in 2017, which now provides that "[a] program of supervision pursuant to Section 654 or 654.2 for any minor described in Section 602 shall include constructive assignments that will help the minor learn to be responsible for his or her actions.  The assignments may include, but not be limited to . . . requiring the minor to repair damaged property or to make other appropriate restitution . . ."  (§ 654.6; added by Stats. 1990, ch. 258, § 2, p. 1529, as amended by Stats. 2017, ch. 678 (S.B. 190), § 10, eff. Jan. 1, 2018).

3

## II.     August 20, 2018 Restitution Order is Not An Appealable Order

Appellant contends her appeal is authorized by section 800.  That section provides, in pertinent part, that "[a] judgment in a proceeding under Section 601 or 602 may be appealed from, by the minor, in the same manner as any final judgment, and any subsequent order may be appealed from, by the minor, as from an order after judgment." (§ 800, subd. (a).)

In 2005, in *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783 (*Ricki J.*), our colleagues in the Third District expressly held that section 800 does not authorize an appeal from an order placing a minor on informal supervision under section 654.2 for the following reasons, in pertinent part:

"It is well settled that the right to appeal is wholly statutory and that a judgment or order is simply not appealable unless expressly made so by statute.  [Citations.]  'The orders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800. . . .  [Citation.] . . . [However,] [t]here is no final judgment when a minor is placed on informal supervision under section 654.2.

" 'In general, a "judgment" is "the final determination of the rights of the parties n an action or proceeding."  (Code Civ. Proc., § 577.)  More specifically, the "judgment" in a juvenile court proceeding is the order made after the trial court has found facts establishing juvenile court jurisdiction and has conducted a hearing into the proper disposition to be made.  [Citations.]'

"Section 654.2 provides in relevant part: 'If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, *without adjudging the minor a ward of the court* and with the consent of the minor and the minor's parents or guardian, *continue any hearing on a petition* for six months *and order the minor to participate in a program of supervision* as set forth in Section 654. . . .  If the minor successfully completes the program of supervision, the court shall order the petition be dismissed.'  (Italics added.)

"Thus, the procedure contemplated by section 654.2 is a postpetition, preadjudication, certainly prejudgment, program of informal supervision.  An order

4

pursuant to section 654.2 essentially places the adjudicatory process on hold in the hope the minor will successfully complete the program of supervision and thereby avoid a judgment altogether. There is no 'judgment' from which to appeal at this point." (*Ricki J.*, *supra*, at pp. 788–789.)

Appellant contends she is not appealing from the May 9 order placing her on informal supervision but, instead, her appeal is limited to the August 20 restitution order, which should be considered separate from the May 9 order. However, the August 20 restitution order is "encompassed" within the May 9 order (which is not an appealable judgment), and "cannot be considered as somehow separate from it" (*In re T.C.* (2012) 210 Cal.App.4th 1430, 1432) or as an order after judgment.

Additionally, the juvenile court was statutorily authorized to direct appellant to pay restitution as a condition of informal supervision under section 654.2. As noted, once a section 602 petition has been filed, section 654.2 grants the juvenile court the option of placing the minor on informal supervision as set forth in section 654. (§ 654.2, subd. (a).) In *Charles S. v. Superior Court* (1982) 32 Cal.3d 741, our Supreme Court held that even though section 654 does not expressly mention restitution, a minor may be required to pay restitution to a victim as a condition of informal supervision proposed by the probation department. (*Id.* at pp. 747–748.) Since *Charles S.* was decided, "the operative statute defining the . . . supervision program under section 654 has been added to and amended several times since its enacting statute that was considered in *Charles S.* . . . . [And,] . . . restitution is now mentioned and specifically provided for in section 654.6 . . . ." (*Derick B., supra,* 180 Cal.App.4th at p. 306.) While section 654.6 does not specifically mention the *payment* of restitution, "the language 'including, but not limited to' " indicates the specific examples of constructive assignments are not "exclusive" (*American Cargo Express, Inc. v. Superior Court* (2017) 16 Cal.App.5th 145, 156) and "suggests a legislative intention" to allow the juvenile court broad discretion to direct the minor to perform constructive assignments as conditions of informal supervision (*In re M.W.* (2008) 169 Cal.App.4th 1, 6). Thus, the fact that section 654.6's examples of constructive assignments do not include a specific provision for "*payment* of restitution"

5

is of no moment. The plain language of section 654.6 provides the necessary authority for the juvenile court to direct a minor to pay restitution.

Finally, we are not persuaded by appellant's argument that her appeal of the August 20 restitution order is cognizable on the basis that, at the end of the May 9 hearing, the juvenile court told appellant she had a right to appeal. Albeit not dispositive, we note appellant did not file an appeal from the May 9 order, and the juvenile court did not repeat its statement that appellant had the right to appeal at the August 20 hearing. In any event, appellate jurisdiction cannot be conferred on this court by the juvenile court's statement. (See, e.g. *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666 [appellate jurisdiction cannot be conferred " 'by the consent or stipulation of the parties, estoppel, or waiver' "].)

In sum, the August 20 restitution order is not appealable as it is neither a judgment nor an order after judgment for which an appeal is authorized under section 800.

## III. Notice of Appeal Will Not be Treated as Petition for Writ of Mandate

Appellant asserts the juvenile court erred as a matter of law and abused its discretion by directing her to pay restitution for the victim's property. We decline her request to treat her notice of appeal as a petition for a writ of mandate in order to consider the merits of her appellate claim.

"An extraordinary writ will issue only when we 'find that it is . . . "necessary to protect a substantial right and [then] only when it is shown that some *substantial damage will be suffered by petitioner if said writ is denied.*" [Citation.]' [Citations.]" (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1312 (italics added) [appellate court declined to treat notice of appeal from order denying motion to suppress as a petition for writ of mandate where minor could challenge order on appeal if he failed on probation and judgment was entered against him; "nothing in this record justifies the extraordinary step of construing the notice of appeal as an application for extraordinary relief, because there is no basis to conclude that a reversal" of the order denying suppression would " 'protect a substantial right' or avert 'some substantial damage' that 'will be suffered by [the minor] if said writ is denied' "].)

6

As to the first prong, necessity, appellant argues the appealability of the August 20 restitution order was not clear and she should not be forced to obtain review by an appeal, relying on *Olson v. Cory* (1983) 35 Cal.3d 390 at page 401 (*Olsen*) (appeal from a trial court order denying plaintiff judges and judicial pensioners' claim to prejudgment interest on the salary and pension increases to which they had previously been held entitled). However, *Olson* does not support her argument as, in that case, our Supreme Court expressly admonished that the "power to treat [a] purported appeal as a petition for writ of mandate" should be exercised only "under unusual circumstances." (*Olsen*, *supra*, at p. 401.) Here we are not faced with either unusual circumstances or an issue of appealability that was "far from clear in advance" (*id*. at p. 401) given the *Ricki J*. decision issued in 2005.

Appellant has also not made any showing of substantial prejudice. The People assert the juvenile court has sealed appellant's juvenile record after finding she successfully completed informal supervision in November 2018, having paid $50 in restitution, and there is no indication the juvenile court has converted any unpaid court-ordered restitution to a civil judgment under section 730.6, subdivision (r). Appellant does not challenge the People's representation of the current status of her case and has not augmented the record to demonstrate the juvenile petition is still extant.[3] Even if the juvenile petition were still extant, appellant will have the opportunity to challenge the August 20 restitution order after completion of the juvenile proceeding. For example, in *In re K.C.*, *supra*, 220 Cal.App.4th 465, the appellate court entertained an appeal in which the minor challenged the juvenile court's conversion of the balance of restitution to a civil judgment under section 730.6 after successful termination of the minor's informal supervision under section 654 and dismissal of the juvenile petition (*In re K.C.*, *supra*, at p. 470); and in *In re J.G.* (2017) 7 Cal.App.5th 955, the appellate court found it had "jurisdiction to review the juvenile court's order terminating probation [that had been

---

[3]     We deferred ruling on the People's separate motion to dismiss (fn. 2, *ante*) to allow for the possible augmentation of the record concerning the status of appellant's informal supervision.

7

imposed after entry of deferred judgment], dismissing the wardship petition, and converting restitution to a civil judgment, because that order is a judgment within the meaning of section 800, subdivision (a) in that it renders a final determination of the rights of the parties" (*In re J.G.*, *supra*, at pp. 962–963).[4]

Therefore, under the circumstances presented in this record, we decline to exercise our discretionary authority to treat appellant's notice of appeal as a petition for a writ of mandate.

## DISPOSITION

The appeal of the August 20, 2018, order is dismissed. The People's separate motion to dismiss the appeal is denied. Appellant's request to treat her notice of appeal as a petition for a writ of mandate is denied.

---

[4] *In re J.G.*, *supra*, 7 Cal.App.5th 955, was reversed and remanded on different grounds in *In re J.G.* (2019) 6 Cal.5th 867.

_____

Petrou, J.

WE CONCUR:


_____

Siggins, P.J.



_____

Fujisaki, J.

*A155224/People v. M.T.*

9

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Lois Haight

Counsel:       Xavier Becerra, Attorney General, Berit G. Fitzsimmons, Deputy Attorney General, for Plaintiff and Respondent.

              First District Appellate Project, L. Richard Braucher, for Defendant and Appellant.