62 Cal.Rptr.3d 851 (2007)
153 Cal.App.4th 468
In re C.W., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
C.W., Defendant and Appellant.
No. C052220.
Court of Appeal of California, Third District.
July 18, 2007.
*852 James L. Lozenski, under appointment by the Court of Appeal, Berkeley, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, and Stephen G. Herndon and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
NICHOLSON, Acting P.J.
C.W., a minor, .appeals from an order of the juvenile court denying her motion to dismiss a sustained delinquency petition charging her with being an unlicensed driver, which charge was the basis for the court's having declared her a ward of the court.
The minor contends (1) the juvenile court's loss of fundamental jurisdiction of the case prior to declaring her a ward of the court requires its orders of wardship and payment of restitution be set aside; (2) the court's refusal to terminate her probation for not having paid victim restitution denied her equal protection of the law; (3) the court abused its discretion in denying her motion to terminate probation; and (4) the juvenile court did not comply with Welfare and Institutions Code section 730.7's requirements imposing joint and several liability upon her mother and remand is required for that purpose.[1]
The People concede the minor's first contention is correct. In light of the concession, the People do not address the minor's remaining contentions.
We do not accept the People's concession and affirm the juvenile court's orders.

PROCEDURAL FACTS
On October 13, 2004, based upon an automobile accident at which the minor was at fault, a petition (§ 602) was filed charging her with being an unlicensed driver (Veh.Code, § 12500, subd. (a)), a misdemeanor, and failure to yield the right of way (Veh.Code, § 21800, subd. (b)), an infraction.
On November 3, 2004, in exchange for the minor's admission to being an unlicensed driver, the juvenile court offered to dismiss the infraction and place the minor on informal probation pursuant to section 654.2, for a period of six months. Conditions of probation included, inter alia, that she perform 60 hours of community service and pay restitution to the victim for damages caused by the accident. The court explained to the minor that she would return to court in six months and if she had complied with the probationary conditions the court would dismiss the case. It was stipulated that if in six months the minor had not paid the restitution she could either be declared a ward of the court or her informal probation could be extended.
The minor agreed and the court accepted her admission, but held it "in abeyance," stating that "[t]he petition is not at this time found true," and placed her on informal probation. The court ordered the minor to return on April 19, 2005, to show compliance.
On February 2, 2005, restitution was determined to be $1,750.
On April 19, 2005, the minor appeared in court, and conceded that neither restitution had been paid nor had community service been performed. She requested an extension of her informal probation for her to pay the restitution in full. The court extended the minor's informal probation to October 19, 2005, ordering the minor and her parent to appear on that date.
On October 19, 2005, the minor failed to appear and a bench warrant was issued for *853 her arrest. On October 28, with the minor now present, the bench warrant was recalled and, at the minor's request, the matter was continued to November 3, 2005.
On November 3, 2005, the minor, now 17 years old, appeared in court and still had not paid the victim restitution. In accordance with the stipulation entered November 3, 2004, the court adjudged the minor a ward of the court and placed her in the care and custody of her mother.
On March 20, 2006, the court conducted a hearing on the minor's motion to have the court terminate her probation because, aside from her failure to pay the victim restitution which she was unable to do, she had complied with all the conditions of her probation, and, therefore, was no longer in need of supervision. The court denied the motion.
On March 23, 2006, the minor filed her notice of appeal from the juvenile court's order of March 20, 2006, denying her motion to terminate probation and dismiss the case.

I

Did the juvenile court lose jurisdiction of the case? No.
The minor claims the juvenile court had no jurisdiction to declare her a ward of the court on November 3, 2005, because its fundamental jurisdiction over the case had expired on October 14, 2005, which was over one year from the date on which the section 602 petition had been filed. We disagree.
Section 654.2, subdivision (a) provides for a six-month period of informal probation during which the minor is to fulfill conditions set by the court. If the minor has not fulfilled the conditions by the end of the six-month period the court may extend the period of informal probation for the minor to do so. However, "[i]f the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed." (§ 654.2, subd. (a).)[2]
Here, the petition was filed October 13, 2004, and section 654.2's 12-month period ended at the close of October 13, 2005. As the minor and the People see it, the juvenile court's failure to act within section 654.2's 12-month period deprived the court of its fundamental jurisdiction over the case. That loss of jurisdiction, they agree, rendered the court's November 3, 2005, declaration of wardship and all subsequent orders null and void. For reason's discussed below, we conclude that where the juvenile court continues informal probation *854 beyond section 654.2's 12-month limitation period, the juvenile court has, at most, acted in excess of its jurisdiction rather than beyond its fundamental jurisdiction.
In support of her loss of fundamental jurisdiction contention the minor relies on the general rule that whether violation of a statute's time limitation results in loss of fundamental jurisdiction or merely exceeds the court's jurisdiction turns on whether the statute is mandatory or directory. (People v. Williams (1999) 77 Cal.App.4th 436, 448, 92 Cal.Rptr.2d 1.) If the rule is mandatory, fundamental jurisdiction is lost; if directory, the court has only exceeded its jurisdiction.
One test for determining the mandatory/directory character of a statute, and the one relied upon by the minor, is that such statutes are generally "deemed merely directory `unless a consequence or penalty is provided for failure to do the act within the time commanded.'" (Edwards v. Steele (1979) 25 Cal.3d 406, 410, 158 Cal.Rptr. 662, 599 P.2d 1365.) Under this test, the minor argues, section 654.2 is mandatory because the court's failure to comply with the 12-month time limit resulted in both a penalty and consequence to her"the juvenile court penalized [her] by reinstating the proceedings and the consequence was to continue [her] as a ward of the court." The argument is not persuasive.
There was neither penalty nor adverse consequence to the minor from the court's continuing her informal probation beyond the section 654.2's time limitation. Indeed, the time violation was beneficial to the minor since it afforded her additional time to comply with the restitution requirement. Nor did the minor suffer any adverse consequence from the continuance. Had the court acted within the 12-month time period, the minor would simply have been declared a ward of the court earlier.
Consequently, we conclude that section 654.2's time limitation is directory, and its violation did not result in the court's loss of fundamental jurisdiction over the case.
For the juvenile court's future guidance, we note a separate problem not raised by the minor on appeal, namely, that the juvenile court's acceptance of the minor's admission of the charge followed by her placement on informal probation under section 654.2 was improper. "The juvenile court's acceptance of [a] minor's admission to the charge constitute] an adjudication of the petition, a procedure 'inherently inconsistent' with the purpose of section 654.2. Consequently, the court exceed[s] its jurisdiction when, after accepting [a] minor's admission, it place[s] him [or her] on informal probation pursuant to section 654.2." (In re Omar R. (2003) 105 Cal.App.4th 1434, 1438, 129 Cal. Rptr.2d 912; Ricki J. v. Superior Court (2005) 128 Cal.App.4th 783, 791, 27 Cal. Rptr.3d 494; In re Adam R. (1997) 57 Cal.App.4th 348, 351-352, 67 Cal.Rptr.2d 76.)
However, where the court's failure to comply with section 654.2 does not prejudice the minor, the minor may be estopped from complaining about the irregularity. (See In re Omar R., supra, 105 Cal.App.4th at pp. 1438-1439, 129 Cal. Rptr.2d 912.) Here, the minor suffered no prejudice by the time violation because she was given an opportunity to which she was not entitled. Hence, in this instance, had the issue been raised, the minor would be estopped from so complaining.

*855 II-IV[**]

DISPOSITION
The order of the juvenile court is affirmed.
We concur: RAYE and ROBIE, JJ.
NOTES
[*] Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III and IV.
[1] Hereafter, references to undesignated sections are to the Welfare and Institutions Code.
[2] Section 654.2, subdivision (a) states: "(1) If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654.... [¶] If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall submit to the court a followup report of the minor's participation in the program. The minor and the minor's parents or guardian shall be ordered to appear at the conclusion of the six-month period and al the conclusion of each additional three-month period. If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."
[**] See footnote *, ante.