Filed 6/10/13  In re Devon R. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DEVON R., a Person Coming Under the Juvenile Court Law.<br><br>THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>DEVON R.,<br><br>　　Defendant and Appellant. | G045776<br><br>(Super. Ct. No. DL037806)<br><br>O P I N I O N |

　　　　　　　Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer and Jacki C. Brown, Judges.  Affirmed.

　　　　　　　Suzanne G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

                                    *          *          *


        Minor Devon M. appeals a true finding in juvenile court of misdemeanor
battery (Pen. Code, § 242), which resulted in the court placing Devon on probation for six
months.  Devon claims he successfully completed a six-month period of informal
supervision under Welfare and Institutions Code sections 654 and 654.2.[1]  According to
Devon, this fact necessitated the dismissal of the pending section 602 petition prior to his
trial.  We disagree with Devon's characterization of the record and affirm the judgment.
Devon did not successfully complete his six-month supervision period and the court
therefore was not obligated to dismiss the petition.


                                           FACTS


        The underlying incident occurred aboard a bus on February 11, 2010.  Jane
Doe, 15 at the time of the incident, was returning home from school.  She was sitting next
to a classmate named Ricardo.  Devon, 14 at the time of the incident, was also on board
the bus.  Devon had previously harassed Jane Doe at school (i.e., calling her derogatory
names, using sexually explicit language).  Devon grabbed Ricardo's hand.  According to
Jane Doe, Devon placed Ricardo's hand on Jane Doe's breast and at the same time
squeezed Jane Doe's breast.  According to Devon, he pulled on Ricardo's hand such that
when Ricardo struggled to get free his hand made contact with Jane Doe's breast.  Devon
denied touching or squeezing Jane Doe's breast.

---

[1]     All statutory references are to the Welfare and Institutions Code, unless
specified otherwise.


                                            2

A petition to declare Devon a ward of the court was filed in August 2010. The petition included only one count — sexual battery pursuant to Penal Code section 243.4, subdivision (e)(1).

On August 17, 2010, the court (acting pursuant to the authority of § 654.2 and with the consent of Devon) placed Devon on a program of informal probation pursuant to section 654 for a period not to exceed six months. The court described its order to Devon as "a diversion program" that "will give you a chance to earn dismissal in six months." The conditions included completion of 40 hours of community service, completion of a legal awareness program, participation in sex awareness and boundaries counseling, no contact with Jane Doe (other than the provision of a letter of apology to the probation department), consistent school attendance, compliance with a curfew, not riding the bus, and not violating any laws. The court indicated that if Devon fulfilled the terms of probation, the petition would be dismissed. No restitution was requested at this hearing. The court set a follow up hearing for February 17, 2011.

Precisely six months later, the court held the scheduled hearing.[2] The probation department's report recommended dismissal of the petition and termination of informal probation based on Devon's compliance with "most of his court orders." Devon was not in compliance with at least two of his conditions, however. Devon was arrested in January 2011 for possession of marijuana; at the time of the arrest, he was breaking curfew. The probation report indicated "restitution has been set at zero, as there was no response from the victim."

The court did not dismiss the petition on February 17, 2011. Instead, the court continued the program of supervision until March 22, 2011. The court added a new

---

[2] The record includes a second petition based on pre-August 2010 conduct (possession of marijuana and tobacco). This petition was dismissed on February 17, 2011. We ignore proceedings related to this second petition because they are irrelevant to the issue presented.

condition, namely that Devon pay restitution to Jane Doe as determined by the probation department. Referencing Devon's January 2011 marijuana arrest, the court indicated Devon needed to "take[] care of" his "ticket" at a scheduled March 3 court date, although the court's comments were ambiguous as to whether this was a necessary precondition to dismissing the petition. During an unreported conference in chambers, Devon's attorney objected to the continuance of the supervision period and the inclusion of an additional term of paying restitution. Devon's attorney also asked the court to dismiss the petition.

On March 14, 2011, a restitution order in the amount of $1,377.88 was entered by the court. Devon was ordered to pay this amount to Jane Doe. The order stated this amount consisted of medical expenses and mileage reimbursements. The order indicated that a hearing contesting the amount of restitution could be requested by Devon prior to May 17, 2011. The probation department's report for the March 22 hearing recommended an additional continuance of the probation period to allow Devon time to comply with the restitution order.

On March 22, 2011, the court continued the hearing to April 19, 2011, and continued the program of informal probation. Counsel for Devon disputed the amount of restitution sought by Jane Doe and requested additional information as to the basis for the amount.

At the April 19 hearing, Devon again argued it was improper to impose a restitution requirement at all after Devon had already completed his six months of informal supervision. Devon also claimed Jane Doe had not suffered any injury and she therefore was not entitled to any restitution. The court rejected Devon's motion to dismiss the petition. The court stated its belief that "terms and conditions can be added" to an informal supervision program. The court offered Devon the opportunity to withdraw his consent to participating in the program of informal supervision. Devon withdrew his consent and the matter was set for trial. The court vacated the restitution order based on Devon's withdrawal of consent to the informal supervision process.

4

After a trial, the court found beyond a reasonable doubt that "a simple misdemeanor battery occurred" pursuant to Penal Code section 242. The court sustained the petition for the lesser included offense but not the charged offense. The court ordered that Devon be declared a "non ward" of the court and placed him on probation for six months. One term of probation was the payment of restitution to Jane Doe. Devon and Jane Doe ultimately stipulated to a restitution payment of $1,000.

DISCUSSION

"If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall submit to the court a followup report of the minor's participation in the program. The minor and the minor's parents or guardian shall be ordered to appear at the conclusion of the six-month period and at the conclusion of each additional three-month period. *If the minor successfully completes the program of supervision, the court shall order the petition be dismissed.* If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed." (§ 654.2, subd. (a), italics added.)

Devon does not argue it was improper per se under sections 654 and 654.2 to impose a restitution requirement on a minor participating in a program of supervision. (See § 654.6; *Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 747-749 [restitution as

5

part of § 654 probation]; *In re C.W.* (2007) 153 Cal.App.4th 468, 471-472 [restitution as part of § 654.2 informal supervision].)  And it is worth emphasizing that any program of supervision requires "the consent of the minor and the minor's parents or guardian . . . ." (§ 654.2, subd. (a).)  Devon ultimately withdrew his consent to the informal supervision period based on the imposition of a restitution requirement.

Instead, relying on the language of section 654.2, subdivision (a), italicized above, Devon claims the court was required to dismiss the section 602 petition on February 17, 2011, rather than extending the period of section 654.2 supervision and simultaneously adding the restitution condition.  (See *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 ["if the program of informal supervision under section 654.2 is satisfactorily completed, the petition must be dismissed"].)  Had the court dismissed the petition in February 2011, Devon would not have suffered his battery conviction, the ensuing six months of probation, and the restitution order.  (See *In re Adam R.* (1997) 57 Cal.App.4th 348, 352 ["the purpose of the . . . informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor"].)

The primary problem with Devon's argument is that (despite the probation department's recommendation to dismiss the petition) Devon had *not* successfully completed his period of supervision by February 17, 2011.  One month before the February 17 hearing, Devon broke his curfew and was arrested for possession of marijuana.  "If the minor has not fulfilled the conditions by the end of the six-month period the court may extend the period of informal probation for the minor to do so." (*In re C.W.*, *supra*, 153 Cal.App.4th at p. 472.)  Although the court was concerned with setting restitution as an additional condition of Devon's section 654.2 supervision at the February 17 hearing, the court also cited Devon's pending marijuana court date as an issue to be taken care of (along with the new restitution condition).  Devon's failure to successfully complete his program of supervision justified, on its own, the court's refusal

6

to dismiss the petition on February 17, 2011. For the same reason, Devon's contention that he detrimentally relied on the court's promise to dismiss the petition rings hollow. Devon did not live up to the conditions of his six-month supervision period. He was not entitled to dismissal of the petition on February 17. Devon was provided with the opportunity to complete his period of informal probation and obtain dismissal by paying restitution to Jane Doe. He refused to do so.

Given our determination that the court was not required to dismiss the petition in February 2011, the next question is whether the court had discretion to add a condition to the supervision period (i.e., the order to pay restitution) at the February hearing. There is no language in sections 654 or 654.2 explicitly authorizing modification of the terms of supervision. (Cf. Pen. Code, § 1203.1, subd. (j) ["should the probationer violate any of the terms or conditions imposed by the court in the matter, it shall have authority to modify and change any and all the terms and conditions"].) But, more generally speaking, a juvenile court has broad discretion in fashioning its probation orders, including orders changing, modifying, or setting aside previous orders. (See *In re Luis F.* (2009) 177 Cal.App.4th 176, 188-190; § 775 ["Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed"].)

Under the circumstances of this case, we conclude the court acted within its discretion when it added a restitution condition to the extended section 654.2 supervision period. The court inquired at the beginning of the case whether restitution was requested. Because Jane Doe did not come forward with a restitution request until after the original conditions of supervision were entered, the court did not include an order to pay restitution among the original probation conditions. But at the earliest available opportunity, the court added a restitution condition and order specifying the amount of restitution owed to Jane Doe. As explained above, Devon was not entitled to dismissal of

7

the petition prior to the imposition of the restitution condition.  The court properly revoked the restitution order when Devon refused to consent to its imposition as part of the extended period of supervision.  Devon then received the process due to him (i.e., a trial on the merits of the petition).  Certainly, it would have been preferable had restitution issues been settled earlier in the process, but we find no reversible error.[3]

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.

---

[3] We reject the Attorney General's argument that the amount of restitution sought by Jane Doe in March 2011 retroactively resulted in the presumptive ineligibility of Devon for a program of supervision.  "No minor shall be eligible for the program of supervision set forth in Section 654 or 654.2 in the following cases, except in an unusual case where the interests of justice would best be served and the court specified on the record the reasons for its decision:  [¶] . . . [¶]  (g) A *petition alleges* that the minor has violated an offense in which the restitution owed to the victim exceeds one thousand dollars ($1,000)."  (§ 654.3, italics added.)  The petition in this case did not allege that restitution exceeded $1,000.  It would be nonsensical to allow a request for more than $1,000 in restitution that occurred more than six months after the filing of the petition to affect the presumptive eligibility of Devon for supervision under section 654.2, a determination that was made shortly after the filing of the petition in August 2010.