[No. E008626. Fourth Dist., Div. Two. Feb. 24, 1992.]

In re ARMONDO A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ARMONDO A., Defendant and Appellant.

## COUNSEL

Susan D. Shors, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

DABNEY, J.—A juvenile court petition was filed May 21, 1990, alleging that minor, Armondo A., violated Vehicle Code section 10851, felony automobile theft. Before the petition had been filed, the probation officer had determined, pursuant to Welfare and Institutions Code section 654,[1] that informal supervision would not be appropriate for minor's circumstances. Upon minor's request, the court referred the matter to the probation department for reconsideration of informal supervision. On August 15 and 22, the court held hearings for consideration of informal supervision and denied the minor's request.

On August 23, 1990, the minor admitted the allegation in the petition as a misdemeanor. The court declared minor to be a ward of the court and determined the maximum period of confinement would be one year. Minor was placed on formal probation in the custody of his parents.

On appeal, minor contends the juvenile court failed to properly exercise its discretion in determining his eligibility for informal supervision. He also asserts he was denied due process in the hearing on this matter.

---

[1]All further references to code sections will be to the Welfare and Institutions Code unless otherwise indicated.

FACTS

The underlying facts of the petition are not relevant to the issues in this case; however, we set them out briefly as background.

Minor was found in possession of a vehicle which had been stolen. The rear window of the car was broken, and the ignition lock was punched. Minor told police he had found the car in an alley and knew it was stolen. He said he started the car with fingernail clippers and had been driving the car for three or four days.

DISCUSSION

I

*Informal Supervision: Court's Determination*

Minor contends the trial court erred in failing to make an independent determination of his suitability for informal supervision. The transcript of the hearing on this issue reveals that the court limited its decision to a review of the probation officer's discretionary decision and did not exercise its independent discretion. The court stated, "I will certainly give the discretionary decision by the probation office a fair review, but I don't think I have to hear testimony." The court indicated it understood that it could overrule the probation officer, dismiss the petition and direct that minor be given informal supervision; however, it limited its decision to "whether or not the investigation was fair and that the probation officer exercised her discretion properly."

"If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654." (§ 654.2, subd. (a).) Section 654 allows the probation officer to delineate a program of informal supervision in lieu of filing a petition or requesting the prosecuting attorney to file a petition to declare the minor a ward. The probation officer is guided in this decision by the factors listed in California Rules of Court, rule 1405(b), formerly rule 1404(e).

Section 654 further provides: "The program of supervision of the minor undertaken pursuant to this section may call for the minor to obtain care and treatment for the misuse of or addiction to controlled substances from a

county mental health service or other appropriate community agency. [¶] The program of supervision shall require the parents . . . of the minor to participate with the minor in counseling or education programs, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies designated by the court if the program of supervision is pursuant to the procedure prescribed in Section 654.2." It further provides for other services which may be designated as part of the minor's informal probation. (§ 654.)

Because the district attorney had filed a petition in this case, the court's decision whether to grant informal supervision was subject to section 654.2. That section was enacted in 1989, and no case law exists which assists us in our determination of whether the court's decision pursuant to this section is merely a review of the probation officer's earlier decision or an independent exercise of its own discretion.

Section 654.2 does not mention a review of the probation officer's discretion. Instead, it suggests the court must exercise its own discretion in its decision whether informal supervision is appropriate. If the language of a statute is clear, its plain meaning should be followed. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].)

In interpreting statutes, the courts must construe them to give effect to the Legislature's intent. (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 12 [177 Cal.Rptr. 325, 634 P.2d 352].) The Legislature intended to address juvenile delinquency at its inception and at the earliest signs of delinquency with a less structured program. To meet this objective it gave the courts more authority to deal with minors before they become habitual criminals. Section 654.2 created a new power in the juvenile courts by allowing them to order informal supervision after a petition had been filed. This power is in addition to the probation officer's already existing prepetition discretion. (Sen. Bill No. 1275 (1988-1989 Reg. Sess.) §§ 1, 11; Sen. Com. on Judiciary analysis of Sen. Bill No. 1275 (1988-1989 Reg. Sess.) p. 4; Sen. Rules Com. analysis of Sen. Bill No. 1275 (1988-1989 Reg. Sess.) pp. 3-4; Sen. Floor analysis of Sen. Bill No. 1275 (1988-1989 Reg. Sess.) pp. 2-3; Assem. Com. on Public Safety analysis of Sen. Bill No. 1275 (1988-1989 Reg. Sess.) p. 3.)

It appears that section 654.2 creates a new power in the court to grant informal probation supervision in a postpetition setting independently of the probation officer's prepetition discretion. Therefore, the juvenile court's refusal to exercise its independent discretion in determining whether informal supervision was appropriate was error. The court's failure to exercise its

discretion requires that the case be reversed and remanded to the juvenile court where minor may withdraw his admission to the section 602 petition. The juvenile court shall conduct a new hearing on minor's suitability for informal probation supervision. At this hearing, the court shall exercise its independent discretion in determining the matter. (*People* v. *Surplice* (1962) 203 Cal.App.2d 784, 792 [21 Cal.Rptr. 826].)

II

*Evidence Admissible at Section 654.2 Hearing*

■ To assist the juvenile court in the conduct of the hearing on remand, we address minor's second issue. Minor argues he was denied due process when the court refused to consider the evidence he proffered to show that he was a suitable candidate for informal probation.[2] At the hearing on informal probation, the court limited the evidence to the probation officer's testimony concerning her investigation and basis for her decision. The court stated, "If you are suggesting testimony, that I have to endure testimony from witnesses, I don't think that's the law." The court later added, "But to say that the court also must endure all of the testimony, that's not true. The decision is whether or not the investigation was fair and that the probation officer exercised her discretion properly. And that's solely the function of the information from the probation officer. It has nothing to do with what the family has to contribute to the court."

Our inquiry concerns what evidence the juvenile court must consider when making an independent determination pursuant to section 654.2 of whether informal probation is appropriate. The general language of section 654.2 does not assist our inquiry.[3]

Logically, if the court is to make an independent determination of a minor's suitability for informal supervision, it should weigh all relevant evidence.

Furthermore, section 202, subdivision (d) provides that "Juvenile courts and other public agencies charged with enforcing, interpreting, and administering the juvenile court law shall consider the safety and protection of the public and the best interests of the minor in all deliberations pursuant to this

---

[2] Minor's further contentions that he was denied due process when the court limited cross-examination intended to show whether the probation officer performed an adequate investigation and when the probation officer failed to conduct a sufficient investigation are rendered moot by our decision.

[3] If the Legislature is dismayed at our interpretation of this statute, we invite them to clarify section 654.2.

chapter." Section 680 mandates, "The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of *all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought.*" (Italics added.)

Due process also requires that the juvenile court consider all relevant evidence in exercising its discretion. Juvenile court proceedings must conform to constitutional guaranties of due process of law. (*In re Alexander* (1957) 152 Cal.App.2d 458, 461 [313 P.2d 182].)

The Attorney General argues that probation is a privilege and not a right; therefore, due process is not relevant to our inquiry. (*People* v. *Main* (1984) 152 Cal.App.3d 686, 693 [199 Cal.Rptr. 683].) The Attorney General also contends that minor should have presented all his evidence to the probation office, which administers the informal supervision program and which would then report all evidence to the juvenile court. The Attorney General relies on *People* v. *Ramirez* (1979) 25 Cal.3d 260, 275 [158 Cal.Rptr. 316, 599 P.2d 622] which held that due process entitles the patient-inmate an opportunity to respond to the grounds for his exclusion from the California Rehabilitation Center (CRC) by being given the opportunity to "respond orally before a responsible official." That court held that confrontation, cross-examination, and other formal hearing rights were not necessary to preserve due process.

In *Ramirez*, the director of the CRC, who administers the CRC, made an initial determination which the court then reviewed. (*Ramirez, supra,* 25 Cal.3d at p. 274.) Here, the probation office administers informal probation. Minor may provide any information relevant to the informal probation determination to the probation officer. The probation officer then must report all relevant information to the juvenile court. If the juvenile court feels that more information is necessary, it may always request a supplemental report from the probation officer. The court shall examine all of this evidence, keeping in mind the factors listed in California Rules of Court, rule 1405(b), formerly rule 1404(e), and make an independent determination of minor's eligibility for informal probation. As in *Ramirez*, due process does not require a formal hearing with confrontation and cross-examination. The court shall consider all relevant evidence as presented by the probation officer. Minor shall have the opportunity to present all evidence relevant to this determination to the probation officer for inclusion in the report to the court.

## Disposition

The case is reversed and remanded to the juvenile court with directions to allow minor to withdraw his admission to the allegation in the petition and to exercise its independent discretion pursuant to section 654.2.

Ramirez, P. J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.