Filed 12/7/23  In re E.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re E.M., a Person Coming Under the Juvenile Court Law. | C097739 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JJC-JV-DE-2022-0001268) |

E.M. (hereafter the minor) has a history of running away from home.  Her childhood and family life have been fraught with complex domestic problems, mental health issues, and drug and alcohol use.  Prior to a contested jurisdictional hearing on a petition alleging the minor committed battery, the juvenile court considered whether the minor was suitable for a program of informal supervision (diversion), pursuant to

1

Welfare and Institutions Code section 654.2.[1]  Determining that she was not suitable, the juvenile court denied the minor's request to participate in such a program.  On appeal, the minor contends that she was deprived of a fair hearing because the juvenile court failed to exercise its independent discretion when it denied diversion.  We affirm.

## LEGAL AND FACTUAL BACKGROUND

One morning before school, the minor got into a physical altercation with her aunt at her grandmother's home.  The Marin County District Attorney filed a wardship petition under section 602 alleging the minor committed battery (Pen. Code, § 242).  At an initial detention hearing on October 3, 2022, the minor's plea was deferred, and the matter was continued until October 24, 2022, for the juvenile court to decide whether the minor was suitable for juvenile diversion pursuant to section 654.2.

To assist with its decision on whether to order informal supervision, the juvenile court directed the probation department to prepare a "654.2 report," otherwise known as a diversion suitability report.

The probation department provided a 31-page report for the October 24, 2022, hearing.  The report addressed the allegations at issue, the minor's prior contacts with law enforcement, and family social factors; provided summaries of interviews with the minor, parents, and the victim; and made recommendations to determine the best path forward for the minor.  The probation department ultimately determined the minor was not suitable for diversion based on the complexity of her family history and trauma, and because it believed that the minor's needs indicated a period of more than six months would be needed to mitigate the factors that brought her before the juvenile court.

At the minor's request, the juvenile court deferred ruling on her diversion suitability and set a pretrial conference for October 31, 2022.  At the continued diversion

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

hearing, held on November 7, 2022, the court set a contested jurisdictional hearing for November 18, 2022. It was at that November 18 hearing that the juvenile court officially denied the grant of diversion and proceeded with the contested jurisdiction hearing. The court subsequently found the allegation in the petition true.

The minor appeals.

## DISCUSSION

Section 654.2 provides, "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. . . . If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed." (§ 654.2, subd. (a).) This "program of supervision" is also called diversion. The purpose of diversion is "to address juvenile delinquency at its inception and at the earliest signs of delinquency with a less structured program." (*In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189.) A juvenile court's order denying diversion is reviewed for an abuse of discretion. (*Id.* at pp. 1189-1191.) An order is reversed only if the juvenile court "has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination." (*In re Katelynn Y.* (2012) 209 Cal.App.4th 871, 881.)

The goal of section 654 diversion programming is to "avoid a true finding on criminal culpability" leading to a criminal record for a minor. (*In re Adam R.* (1997) 57 Cal.App.4th 348, 352.) Section 654.2 allows the juvenile courts to order diversion independent of the probation officer's recommendation. (*In re Adam R.*, at p. 352.) As noted above, the juvenile court has the discretion to continue a hearing on a petition for

3

six months and order a minor participate in diversion programming. (§ 654.2.) If the probation department recommends additional time to enable a minor to complete the program, "the court at its discretion may order an extension," subject to the caveat that "proceedings on the petition shall proceed no later than 12 months from the date the petition was filed." (*Ibid*.) "[I]f a court is to make an independent determination of a minor's suitability for [diversion], it should weigh all relevant evidence." (*In re Armondo A., supra*, 3 Cal.App.4th at p. 1190.)

The minor contends the juvenile court did not exercise independent discretion regarding her suitability for diversion. Rather, she argues, the juvenile court's decision on whether to grant diversion was limited to a review of the probation officer's recommendation. The People argue that the juvenile court made an independent judgment to deny diversion, which was not arbitrary, thus the court acted within its discretion. We agree with the People and conclude that the juvenile court exercised independent discretion when it reviewed the probation report, among other materials, and denied diversion.

The minor's arguments are based on *In re Armondo A., supra*, 3 Cal.App.4th 1185, which held that "the juvenile court's refusal to exercise its independent discretion determining whether [diversion] was appropriate was error." (*Id*. at p. 1189.) There, the juvenile court stated on the record that it limited its decision to " 'whether or not the investigation [by probation] was fair, and whether the probation officer exercised her discretion properly.' " (*Id*. at p. 1188.) Further, it mistakenly concluded that all that was necessary was a " 'fair review' " of the probation officer's discretionary decision. (*Ibid*.) The minor argues the juvenile court in this case made the same error and failed to exercise its independent discretion in determining whether to grant diversion. The minor's case is distinguishable from *In re Armondo A*.

Here, the juvenile court stated on the record at the initial diversion hearing on October 24, 2022, that it had received and read the suitability report, and noted that the

4

probation department "[did] not find [the minor] suitable for a grant of diversion." The minor argues this reflects the juvenile court's failure to independently exercise discretion. We disagree.

The record leading up to the denial of diversion reflects that in addition to the diversion suitability report, the juvenile court had also reviewed the most recent family law file and was clearly familiar with the myriad issues underscoring the minor's background. The juvenile court stated it understood the minor's social history and had "reviewed this file [and] looked at it very carefully." The juvenile court also indicated that it could not make a diversion suitability determination "in a vacuum of information, and the Diversion Suitability Report [was] reviewed with an eye towards the minor's needs." Furthermore, unlike in *In re Armondo A.*, the court did not indicate it believed it was reviewing the report for abuse of discretion.

The minor conflates exercising independent discretion with explicitly explaining the basis for the ruling when she opines that the juvenile court's "pronouncements fell far short of any meaningful independent exercise of discretion." We disagree.

At the initial diversion hearing on October 24, 2022, the juvenile court continued the ruling on the grant of diversion so that the court and counsel could have a pretrial conference to discuss the various options and outcomes available in the minor's case. Defense counsel contended that "the father being assigned full custody [was], potentially, or [was], in fact, a barrier to [the minor] receiving services, and then [that was] the barrier to diversion suitability, or even services on probation here in Marin County, and, potentially, that should be readdressed." The juvenile court communicated that "the question, sometimes, is, so what comes first, the chicken before the egg? So [it] agree[d] that this [was] a complicated matter due to the parents' longstanding conflicts and . . . due to [the minor's] alleged behaviors." Without ruling on the grant of diversion, the juvenile court set a pretrial conference.

5

When the diversion hearing occurred on November 7, 2022, the juvenile court stated on the record that it "[had] done a lot of informal work on [the minor's case]." In making its determinations, the juvenile court considered the minor's absence at school, which was one of the issues that led to the initial conflict resulting in the proceedings. It also considered where the minor wanted to live as a factor, but the minor wanted to live with her mother who had been convicted of child abuse against the minor, so the court declined to approve that request. The juvenile court concluded that the minor's father "[appeared] to be an appropriate protective parent" so it was in the minor's best interest for the father to retain sole custody where he resided in San Joaquin County. Not being able to reach consensus on a resolution, the juvenile court then set a contested jurisdictional hearing, an evidentiary hearing on the alleged battery by the minor, for November 18.

At the contested jurisdiction hearing, the minor's counsel specifically contended the juvenile court had not yet made a ruling on diversion suitability. The juvenile court, believing it had already made a ruling, acknowledged it may not have been officially entered into the record and did so at that time, thereby denying diversion. We conclude the reasons for the court's decision to deny diversion are borne out in the record.

The minor also contends the probation department's recommendation that the minor was not suitable for diversion because six months would not be long enough is "inexplicable" since section 654.2 allows the juvenile court to provide an extension up to 12 months. This argument presupposes that probation, at the six-month mark, would have recommended additional time and the juvenile court would have exercised its discretion to grant such. Simply because the court has the discretion to extend to 12 months, does not mean it would have been appropriate to do so.

In recommending that the minor was not suitable for diversion, the probation department accounted for the complexities of the minor's circumstances. The juvenile court was aware of the minor's capacity to run away, her history of unexcused absences

6

at school, her insistence on living with her mother despite the mother's prior child abuse charges, and that the minor did not want to live with her father in San Joaquin County where he had full legal and physical custody.

The probation department noted that "[the minor's] case [was] required to be transferred to San Joaquin County." (Cal. Rules of Court, rule 5.610.) The minor's father was entitled to legal custody and lived in San Joaquin County, so the probation department recommended transferring the case there. Rather than have the minor enter a diversion program in a different county than where her legal guardian resided, the juvenile court transferred the case for disposition. (See *In re R.D.* (2008) 163 Cal.App.4th 679, 687-688 [demonstrating the best interests of the child are met by having the child receive social services in the county where their legal guardian resides].) Recommending diversion in a different county than where the minor would receive social services would have only complicated the minor's case further.

Therefore, because the juvenile court "weigh[ed] all relevant evidence" (*In re Armondo A., supra*, 3 Cal.App.4th at p. 1190) not just the probation report, the juvenile court's exercise of independent discretion was anything but "arbitrary, capricious, or patently absurd." (*In re Katelynn Y., supra*, 209 Cal.App.4th at p. 881 [appellate court will not disturb trial court's decision whether to extend or terminate family reunification services "unless the court has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination"].)

For these reasons, we find the juvenile court exercised independent discretion under section 654.2 when it denied the grant of diversion. Having determined that the juvenile court took more into account than simply the recommendation of the probation department and whether its investigation was fair, we find that the court did not abuse its discretion in denying the grant of diversion.

7

**DISPOSITION**

The judgment is affirmed.


                                                 /s/
                                             EARL, P. J.


We concur:


   /s/
RENNER, J.


   /s/
MESIWALA, J.

8